Sandoval, Recurrente, *v.* El Registrador de Guayama, Recurrido.

Recurso gubernativo contra nota del Registrador de la Propiedad de Guayama denegatoria de inscripción de un expediente posesorio.

No. 509.—Resuelto en abril 20, 1922.

Expediente Posesorio de Bienes Privativos. —Es inscribible la posesión de bienes privativos de un cónyuge adquiridos antes del matrimonio, acreditada mediante prueba documental satisfactoria ofrecida en la información posesoria, aunque el otro cónyuge no fuera parte en el expediente.

Los hechos están expresados en la opinión.

Abogado del recurrente: *Sr. F. Navarro.*

El registrador recurrido compareció por escrito.

El Juez Asociado Sr. Hutchison, emitió la opinión del tribunal.

En mayo de 1921 el promovente, Rafael Sandoval, casado, y alegando ser dueño de cierta casa y solar adquiridos con anterioridad a su matrimonio por compra a Pedro Rodríguez y a su esposa Francisca Cartagena por escritura otorgada ante el notario F. Navarro Ortiz, en agosto 14, 1915, estableció información posesoria para que se declarara justificado a su favor el derecho de posesión de dicha finca como bien privativo del mismo y se dictara resolución para

que fuera inscrito en el registro de la propiedad el referido derecho.

En la escritura de referencia el promovente comparece como soltero y el notario expresa que conoce a los comparecientes en dicha escritura y le constan sus circunstancias personales. Esta escritura fué presentada como prueba en la información posesoria y como parte del expediente en dicho procedimiento, y junto con una resolución dictada de conformidad con la súplica del promovente se presentó al registro de la propiedad solicitando la inscripción de dicho derecho posesorio.

La nota recurrida en parte es como sigue:

''Denegada la inscripción del precedente expediente posesorio porque siendo el promovente casado y teniendo por objeto el procedimiento del expediente posesorio únicamente acreditar el título posesorio del peticionario, en dicho expediente, en el cual no es parte la esposa, no puede ser contradicha la presunción de que los bienes adquiridos durante el matrimonio son gananciales, ni la jurisdicción del juez va más allá de la declaración del título posesorio según está resuelto por la jurisprudencia establecida por el Tribunal Supremo de Puerto Rico en los casos de *Delgado* v. *Registrador,* 22 D. P. R. 126 y *Crehore* v. *Registrador,* 25 D. P. R. 847.''

El registrador en su alegato, además de los casos mencionados en la precedente nota, cita como autoridad para sostener su calificación, el caso de *Fuentes* v. *El Registrador,* 27 D. P. R. 596.

No es necesario repetir aquí lo que dijimos en los casos así citados. El lenguaje empleado en ellos debe, por supuesto, interpretarse en relación con los hechos envueltos en cada caso.

Un principio muy semejante a la tendencia general de opinión en esta corte puede verse en la obra de Morel sobre Legislación Hipotecaria, tomo 5, páginas 448–472, y casos citados.

Generalmente, como se ve de estos casos y los resueltos hasta ahora por este tribunal, cuando el promovente es ca-

sado no hay reclamación de propiedad privativa, ni prueba documental auténtica para sostenerla, ni ninguna súplica para que se caracterice la posesión en la resolución judicial. Y claramente que aún en ausencia de un precepto estatutorio que limite las declaraciones de los testigos al hecho de la posesión por el promovente "en su nombre propio y al tiempo que haya durado la posesión," la declaración de tal promovente a su favor y las manifestaciones desinteresadas de testigos amigos presentadas por él sin dar aviso u oportunidad para hacer repreguntas al esposo ausente u otra persona interesada que no es parte en el procedimiento, no tendrían sino poca o aquella fuerza probatoria que la que por ejemplo tienen iguales manifestaciones respecto al origen del precio de compra en una escritura a favor del marido. Además, de todos modos, como se resuelve en los casos más recientes citados por el registrador, un procedimiento *ex parte* como este no es una acción para establecer un título y no tiene facultad la corte para considerar o resolver la cuestión del dominio ya en cuanto al marido y la mujer o entre el peticionario y otra tercera persona cualquiera. Esto se infiere necesariamente tanto de la naturaleza del procedimiento como de las prescripciones expresas del estatuto, entre otras, que la resolución y su inscripción en el registro de la propiedad serán "sin perjuicio de terceros con mejor derecho."

Pero un marido puede solicitar la instrucción del expediente para establecer y hacer que se inscriba la posesión de la esposa de su propiedad privativa. 5 Morel, pág. 459. Y se dice, además, lo siguiente:

"Declaró la Dirección General en 23 de marzo, 1864, que en un solo expediente puede acreditarse la posesión de bienes a nombre del marido junto con la posesión legal de la mujer de los bienes que él tiene en usufructo." 6 Galindo y Escosura, pág. 264, 5 Morel, pág. 459.

Después de un amplio examen sobre la naturaleza y efecto

de la presunción legal del carácter de ganancial que tienen los bienes inmuebles adquiridos como privativos por cualquiera de los esposos durante el matrimonio dijimos en el caso de *La Sociedad Protectora de Niños* v. *El Registrador,* 29 D. P. R. 974, lo siguiente:

"Un traspaso de bienes inmuebles hecho a una mujer casada como privativos de ella con el expreso consentimiento de su marido a tal forma de traspaso y que contiene otros detalles que indican el verdadero origen del precio de venta, aunque no sea de tal fuerza probatoria que anule enteramente la presunción legal respecto al carácter ganancial de la propiedad así traspasada con perjuicio de los derechos de terceros, puede ser inscrito en esta isla por lo que en sí representa, con la debida indicación respecto a los particulares defectuosos de la documentación que se presenta. El hecho de que la esposa alegue que tal propiedad es privativa de ella y que el marido admita que dicha propiedad pertenezca a su esposa exclusivamente queda de tal modo hecho público para todo el mundo; y el hacer mención de la circunstancia de que tal constancia es incompleta es una notificación suficiente para cualquier futuro comprador, acreedor hipotecario u otra persona que negocie con la propiedad de que la presunción legal de su carácter de ganancial no ha quedado enteramente anulada, y puede ser invocada por cualquier persona con derecho a su beneficio."

Las consideraciones que sirvieron de fundamento a la conclusión así enunciada aún son más persuasivas en el presente caso en el cual, como hemos indicado y se entiende generalmente la inscripción es por virtud de un precepto expreso del estatuto "sin perjuicio de terceros con mejor derecho."

La posesión por el marido o la mujer de bienes así privativos como gananciales, no es extraña ni ilegal aunque el verdadero carácter de tal posesión no pueda establecerse tan fácilmente cuando no está sostenida por título escrito como cuando puede obtenerse tal prueba. Verdaderamente que las limitaciones del estatuto al alcance de la prueba a que ya se ha hecho referencia prescriben de modo expreso que las declaraciones de testigos se limitarán "al hecho de

poseer los bienes *en nombre propio* el que promueve el expediente y al tiempo que haya durado la posesión." Y no conocemos ningún caso en que se llegue a declarar que un hombre casado no puede probar mediante prueba documental satisfactoria, o que la corte no puede resolver en un procedimiento para establecer un título posesorio, que la posesión se reclama, y en un caso adecuado, que *prima facie* aparece a nombre del promovente como propiedad privativa suya y no a nombre de la sociedad conyugal. La corte al hacer tal declaración, no "va más allá de la declaración del título posesorio," como sugiere el registrador. Establecer el hecho mediante resolución judicial de que el promovente está en posesión a virtud de una reclamación aparentemente válida de su propiedad privativa, no es resolver sobre la cuestión de su dominio sino meramente indicar la existencia del supuesto derecho y la naturaleza aparente de la posesión en su aspecto superficial.

La nota recurrida debe ser revocada.

> *Revocada la nota recurrida, y ordenada la inscripción.*

Jueces concurrentes: Sres. Presidente del Toro y Asociados Wolf, Aldrey y Franco Soto.